

565 Fifth Avenue, 7th Floor
New York, New York 10017
t: 212.344.4619
f: 201.441.9435
www.hdrbb.com

River Edge Office
65 Route 4 East
River Edge, New Jersey 07661
t: 201.441.9056

Short Hills Office
51 JFK Parkway, Suite 245
Short Hills, New Jersey 07078
t: 973.467.1325

June 9, 2015

The Honorable Esther Salas, U.S.D.J.
Martin Luther King Jr. Federal Bldg. and Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   **HEI Investments, LLC v. Black Diamond Capital, et al.**
      **Case No. 15-cv-00746 (ES-MAH)**
      **Motion Returnable June 15, 2015**

Dear Judge Salas:

This firm represents Defendants Black Diamond Capital Appreciation Fund, LP ("BD Fund"), Black Diamond GP, LLC ("BD GP"), Black Diamond Investments, LP ("BD Investments"), Black Diamond Investments, LLC ("BD Investments, LLC"), and Nicholas Lattanzio ("Lattanzio") (collectively, the "BD Defendants") in the above-referenced matter. Please accept this letter brief in further support of the BD Defendants' Motion to Vacate Default and Compel Arbitration. The recent default entered against the BD Defendants should be vacated because the BD Defendants have established that Plaintiff will not be prejudiced, the BD Defendants have a meritorious defense, and the default was not the result of the BD Defendants' culpable conduct. Furthermore, as a signatory to the operative agreement that contains an arbitration provision, Plaintiff should be compelled to resolve its claims against the BD Defendants through the American Arbitration Association ("AAA").

**ARGUMENT**

I.   <u>The BD Defendants Have Established That Good Cause Exists To Vacate The Default</u>

The default entered on March 18, 2015 against the BD Defendants should be vacated because the BD Defendants have clearly met their burden to vacate under Rule 55 of the Federal

Rules of Civil Procedure. Upon Plaintiff's request, default was entered against the BD Defendants on March 18, 2015. On April 3, 2015, the BD Defendants' counsel requested that Plaintiff's local counsel withdraw the Complaint and submit Plaintiff's claims to arbitration in accordance with the parties' written agreement. See Cert. of P. Doherty ¶ 5. Plaintiff's counsel denied that request forcing the BD Defendants to file this current motion on April 6, 2015. Plaintiff has not provided a sufficient reason why default should not be vacated in this matter. Plaintiff's opposition is simply a recital of the law without any application to the facts presented by this case.

Plaintiff's arguments concerning prejudice to Plaintiff and default as a result of culpable conduct may be swiftly addressed. Plaintiff can point to no prejudice it will suffer from vacatur. Plaintiff's only argument is that Plaintiff will suffer from the BD Defendants having access for a longer period of time to the funds at issue. See Plaintiff's Brief at pg. 12. The default entered against the BD Defendants does not release the disputed funds to Plaintiff and therefore Plaintiff's argument is without merit. Plaintiff's contention that it would be prejudiced by actually having to prove the merits of its case should be summarily dismissed. "[D]elay in realizing satisfaction or the fact that the plaintiff will have to prove its case on the merits are rarely sufficient to prevent a court from opening up a default." Itche Corp. v. G.E.S. Bakery, Inc., 2008 WL 4416457, at *2 (D.N.J. Sept.24, 2008).

Plaintiff's argument that default was a result of the BD Defendants' culpable conduct is equally lacking. "The standard for culpable conduct in this Circuit is the "willfulness" or "bad faith" of a non-responding defendant." Hritz v. Woma Corp., 732 F.2d 1178, 1182 (3d Cir. 1984) (Holding that the appropriate application of the culpable conduct standard requires more than mere negligence and instead requires an intentional disregard for court-mandated procedures). Based upon this standard, the default is clearly not the result of the BD Defendants' culpable conduct.

The undisputed fact that Lattanzio was never personally served with the Complaint or with the notice of entry of default is fatal to Plaintiff's argument. In good faith, Lattanzio believed that the time to respond had not yet begun to run because he was never personally served. Furthermore, after retaining counsel, the BD Defendants immediately tried to rectify the situation. The BD Defendants' conduct does not amount to an intentional disregard for court mandated procedures.

Moreover, the BD Defendants have meritorious defenses to Plaintiff's claims which the BD Defendants explained in their previous submission. First, Plaintiff only possessed privity of contract with one of the BD Entities – BD Investments, LLC – and that contract contained a broad arbitration clause. Second, the parties' Agreement permits BD Investments, LLC to convert Plaintiff's investment into an interest in any fund operated by the BD Entities. Third, the remaining causes of action all stem from the disputed allegation that the BD Defendants made certain misrepresentations of fact.

Plaintiff's argument that the BD Defendants have not raised any meritorious defenses is contrary to reality. Plaintiff's breach of contract claim fails against the majority of the BD Defendants because Plaintiff only has privity of contract with one of the BD Defendants – BD Investments, LLC. Additionally, that contract included an arbitration provision detailing that the correct forum to resolve Plaintiff's dispute would be in front of the AAA. Plaintiff's other claims alleging various forms of fraud also have a meritorious defense as Plaintiff has failed to plead with sufficient particularity to sustain a claim for fraud. The "stringent standard" Plaintiff relies upon for showing a meritorious defense is a gross exaggeration of what a defendant is required to establish to vacate a default.

Additionally, Plaintiff's opposition relies upon case law interpreting the vacatur of default judgments. Motions to vacate the entry of a default are held to a more lenient standard than a

motion to vacate default judgment. See Feliciano v. Reliant Tooling Co. Ltd., 691 F.2d 653, 656 (3d Cir.1982) ("Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment"); Meehan v. Snow, 652 F.2d 274, 276 (2d Cir.1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)."); Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2692 at 471 ("[T]he federal courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment.")

II.     Plaintiff Should Be Compelled To Arbitrate This Dispute Before The AAA

Plaintiff only entered into a contract with BD Investments, LLC. That contract had an alternative dispute resolution provision providing that any action arising out of, or related to, the contract would be sent to arbitration with the AAA. Plaintiff does not dispute that the current action arose out of and/or relates to the contract entered into with BD Investments, LLC. It is also undisputed that the BD Defendants are all related entities. Therefore, Plaintiff – a signatory to the arbitration provision – should be compelled to arbitrate the dispute with the BD Defendants.

Plaintiff's opposition rests upon a misinterpretation of this Court's case law. In E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S., 269 F.3d 187, 199 (3rd Cir. 2005) the court held that a non-signatory can bind a signatory to arbitrate *at the non-signatory's insistence* because of the close relationship between the entities involved and the intertwining of the claims with the underlying contractual obligations (emphasis added). Here, the relationship between the BD Defendants is conceded by Plaintiff in the Complaint. The only reason that the rest of the BD Defendants were named in this action is because of their interrelation with BD Investments, LLC. It is also undisputed that there is a valid arbitration provision in the

contract between Plaintiff and BD Investments, LLC, both of whom signed the agreement. Furthermore, Plaintiff's allegations arise from the contract entered into by Plaintiff and BD Investments, LLC. The BD Defendants' insistence that the matter should proceed to arbitration is consistent with what the parties agreed to in the contract. Simply put, the BD Defendants are seeking to compel a <u>signatory</u> to arbitrate claims that it contractually agreed to arbitrate.

Contrary to Plaintiff's argument "as a matter of New Jersey law, courts properly have recognized that arbitration may be compelled by a non-signatory against a signatory to a contract on the basis of agency principles." <u>Hirsch v. Amper Financial Services, LLC</u>, 215 N.J. 174, 192 (2013). Under agency and equitable estoppel theories, Plaintiff should be compelled to arbitrate its claims against <u>all</u> of the BD Defendants. Plaintiff does not dispute that it should be compelled to arbitrate with BD Investments, LLC. Rather, Plaintiff contends that the non-signatory BD Defendants should not be included in that arbitration. Plaintiff offers no legal support for this contention. The BD Defendants are closely related entities and Plaintiff's claims arise from the valid contract it entered into with BD Investments, LLC – Plaintiff concedes to all of these facts. It would be inapposite for Plaintiff to arbitrate its dispute with BD Investments, LLC and not include the remaining closely related BD Defendants in the arbitration.

Moreover, Plaintiff claims that the BD Defendants are using the arbitration provision as a "sword to compel arbitration". <u>See</u> Plaintiff's Brief at pg. 15. Once again, Plaintiff makes a blanket statement that is completely unsupported by the law or the facts. The case law Plaintiff relied upon stands for the proposition that a non-signatory in fact can bind a signatory to an arbitration

provision in circumstances similar to these. Plaintiff's futile attempts to interpret the case law differently should be rejected.

## CONCLUSION

Based on the foregoing, the BD Defendant's Motion to Vacate Default and Compel Arbitration should be granted.

Respectfully submitted,<br>
**HARTMANN DOHERTY ROSA BERMAN & BULBULIA, LLC**<br>
Attorneys for BD Defendants<br><br>
By: _/s/ Paul Doherty_<br>
Paul S. Doherty, III

cc: Forrest S. Turkish, Esq.